# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREA CLARK, | ) |
| v. | ) |
| THE BOEING CORPORATION, | ) |
| and | ) Case no. 1:25-cv-10917 |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | ) |
| and | ) |
| ALIGHT SOLUTIONS LLC, fka REEDGROUP | ) |
| Defendants. | ) |

## Complaint

1. Ms. Andrea Clark, (hereinafter "Ms. Clark"), by and through the undersigned counsel, files this Complaint against Defendants The Boeing Corporation (hereinafter "Boeing"), Hartford Life and Accident Insurance Company (hereinafter "Hartford"), and Alight Solutions, LLC formerly known as ReedGroup (hereinafter "Alight").

2. This case is filed against Defendant Boeing for violations of the Illinois Wage Payment Act, Defendant Alight for Tortious interference with Contract and Defendants Boeing and Hartford for violations of the Employee Retirement Income Security Act pursuant to 29 USC 1132 a(1)(b).

3. The Plaintiff, Andrea Clark, has at all times material hereto, been an employee of Boeing and throughout Plaintiff's employment, she performed numerous work tasks for the benefit of the employer and the employer failed to compensate Plaintiff for her labors and benefits provided to the employer.

4. The Boeing Corporation has its principal place of business located in Chicago, Illinois and at all times relevant hereto was an employer engaged in an industry affecting commerce.

5. Hartford is a Connecticut corporation licensed to do business as a foreign insurance company in the state of Illinois.

6. Defendant Alight is an Illinois Corporation with its principal place of business in Chicago, Illinois.

**FACTS COMMON TO ALL COUNTS**

7. Ms. Clark began employment with Boeing Corporation in July of 2013. Ms. Clark worked as a level three financial analyst for Boeing Corporation. In this position, Ms. Clark's role included a number of responsibilities, including, but not limited to:

- Preparing presentation materials and effectively conveying key messages to program management and senior leadership.

- Developing, reviewing, analyzing, and maintaining cost and/or schedule performance measurement baselines, including earned value and variance analyses, and communicates trends in cost and/or schedule performance.

- Developing, analyzing and submitting monthly programmatic EVM data to the government.

- Leading the integration and analysis of Estimates at Completion (EACs) for all Low Rate Initial Production (LRIP) control accounts (functions or pools).

- Collaborating with Labor and Non-Labor Finance Centers of Excellence (COEs) to gather quarterly inputs, then reviewing these inputs to assess and understand the analysis.

- Demonstrating skills in developing an EAC position based on historical performance, COE inputs, and comprehensive program knowledge; and

- Building strong relationships with Program Managers, Finance COEs, and Cost Account Managers (CAMs).

8. In February of 2024, Ms. Clark was forced to stop working due to paresthesia, paralysis, [1]double crush syndrome, cervical radiculopathy, lumbar radiculopathy, and degenerative disease.

9. As a result of these conditions, Ms. Clark suffers from several disabling symptoms, including, but not limited to: tingling and numbness in arms and legs, low back pain, neck and back pain, and unsteadiness when standing or walking.

10. Ms. Clark, together with her physicians, has attempted to treat her conditions with medications, an EMG nerve conduction study, physical therapy, chiropractic treatment, but nothing has provided her with enough relief to allow her to return to work.

11. Ms. Clark's physicians have consistently found that Ms. Clark has remained totally disabled due to her disabling conditions since she was forced to stop working in February of 2024, and that she continues to remain totally and permanently disabled due to these conditions today.

## COUNT I

**VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT 820 Ill. Comp. Stat. 115/1 *et seq*. AGAINST DEFENDANT BOEING**

12. Count 1 arises under the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq*. ("IWPCA"), for Defendant Boeing for failure to provide plaintiff with her earned compensation per the agreement between the parties.

13. As a term of her employment, Boeing agreed to pay compensation out of its general assets to Ms. Clark for periods of time during which she was physically or mentally unable to perform any of the material duties of her regular occupation, in the form of short-term disability benefits (STD Benefits).

---

[1]Double crush syndrome is a distinct compression at two or more locations along the course of a peripheral nerve that can coexist and synergistically increase symptom intensity.
Available at: *https://journals.lww.com/jaaos/abstract/2015/09000/double_crush_syndrome.5.aspx*

3

14. The STD Benefits available to Ms. Clark on the account of work she performed for Boeing constitute a Payroll Practice as that term is defined by 29 C.F.R.§ 2510.3-1(b)(2) and do not constitute an "employee welfare benefit plan," subject to ERISA.

15. In February of 2024, Ms. Clark was forced to stop working due to the severity of her conditions and filed a claim for short-term disability benefits.

16. Boeing denied Plaintiff's claim for STD benefits in a letter dated March 14, 2024, alleging it had not received sufficient medical evidence to substantiate her claim. The denial letter offered Plaintiff the right to appeal the denial.

17. Ms. Clark requested an appeal of the STD denial by letter dated May 15, 2024.

18. In July of 2024, Ms. Clark's former counsel sent a letter to Boeing requesting information regarding Ms. Clark's benefits, including (but not limited to) the amount of monthly benefits Ms. Clark would receive if a favorable determination was made on her STD and LTD claims; a copy of all Plan documents, including the policy, the contract for STD and LTD benefits, a copy of the summary plan description; all documents relied upon in making the benefit determination notes of telephone conversations with Ms. Clark or her doctors; video or audio tapes of Ms. Clark; the name of the employee benefit plan; the name and address of the plan administrator; the name and registered agent for the plan and the plan administrator; whether the funds under the plan would be paid by the insurance company, employer, or some other party; a description of any material or information necessary to perfect Ms. Clark's claim; and a description of whether an internal rule, guideline, protocol or other similar criterion was relied upon in making the adverse benefit determination.

19. Boeing upheld the denial decision in an August 16, 2024 letter to Plaintiff's former counsel.

20. In January of 2025, Ms. Clark contacted Boeing regarding the status of her short-term disability claim.

21. Boeing informed Ms. Clark that an STD appeal was never submitted to Reed Group ( now known as Alight), Boeing's third-party administrator for short-term disability claims.

22. Shortly thereafter, Ms. Clark received a "claim status summary" from Boeing (via Reed Group) dated January 27, 2025, indicating that Ms. Clark's STD claim remained denied.

23. On February 17, 2025, Ms. Clark again filed an appeal of the denial of her STD claim.

24. On March 3, 2025, Ms. Clark contacted Boeing for the status of her claims. Boeing informed Ms. Clark that they could not assist her because she was no longer an active employee.

25. On March 20, 2025, Ms. Clark, through counsel sent a certified letter to Boeing Leave Service Center and Reed Group regarding Ms. Clark's short-term disability claim. The March 20, 2025 letter informed Boeing and Reed Group that Ms. Clark attempted to appeal the denial of her short-term disability benefits and asked Reed Group to explain the next steps to allow Ms. Clark to appeal the STD denial, and to provide additional information regarding why Ms. Clark's STD claim was denied.

26. On April 25, 2025, Ms. Clark received an email from Defendant Alight indicating that attached to the email were "all of the documents pertaining to [your][sic] leave approval/denials, ack packets and medical correspondence". The email attachments included printouts of email correspondence between Defendants and Ms. Clark, Ms. Clark's attending physician's statements completed for Reed Group, attesting to Plaintiff's total disability, a medical review conducted by a Reed group doctor, Ms. Clark's February 17, 2025 appeal request, and Ms. Clark's medical records.

27. Neither Boeing nor Reed Group/Alight responded to Ms. Clark's attempt to appeal the denial of her STD claim, nor undersigned counsel's request for additional information.

28. Pursuant to the terms and conditions of Defendant Boeing's STD benefit plan, Defendant breached the terms and conditions of its employment agreement providing Plaintiff wages in the form of STD Benefits.

29. As a direct, proximate and foreseeable result of Defendant's breach of employment agreement, Plaintiff has incurred the loss of wages for the duration of six months when she was eligible for wages under the STD Plan.

30. At all relevant times herein, Defendant Boeing was Plaintiff's "employer" as defined in the IWPCA. 820 Ill. Comp. Stat. §§ 115/2, 115/13.

31. At all times relevant, Plaintiff was employed by Defendant Boeing as an "employee" within the meaning of the IWPCA, 820 Ill. Comp. Stat. §§ 115/2, 115/13.

32. The Short Term Disability Plan executed by the parties constitutes an "agreement" under the IWPCA.

33. The IWPCA requires that employers pay employees all wages earned. 820 Ill. Comp. Stat. § 115/3.

34. In violation of the IWPCA, Defendant Boeing failed and refused to pay Plaintiff her earned wages in the form of STD benefits pursuant to the parties' agreement.

**WHEREFORE**, Plaintiff, Clark, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against the Defendant, including:

A. Awarding all back pay and unpaid wages;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

D. Awarding reasonable attorneys' fees and costs incurred in filing this action; and,

E. Ordering such additional relief as this Court deems just and proper.

**COUNT II**
**TORTIOUS INTERFERENCE WITH EMPLOYMENT CONTRACT**
**AGAINST DEFENDANTS HARTFORD AND ALRIGHT**

35. Plaintiff incorporates by reference paragraphs 1-34 above as if fully set forth as paragraph

36. Defendant Alight Services, Inc., formerly known as ReedGroup ("Alight") is a "third party administrator," as that term is defined in 215 ILCS 5/511.101, of Defendant Boeing's STD benefits program.

37. The employment agreement providing wages in the form of STD Benefits was a valid and enforceable contract between plaintiff and Defendant Boeing.

38. Defendant Alight, by virtue of being the third-party administrator, was aware of Plaintiff's contractual relationship with Defendant Boeing in that Alight/ReedGroup was hired by Boeing to process STD Benefit claims submitted by Boeing employees.

39. Defendant Alight, intentionally and without justification, denied plaintiff's STD Benefits claim despite plaintiff providing adequate proof that she qualified for the STD Benefits, thereby inducing a breach of the employment agreement between Boeing and plaintiff that provided for wages in the form of STD Benefits.

40. Despite plaintiff providing medical documentation from her treating physicians that she was medically unable to perform the material duties of her occupation, denied plaintiff's claim

for STD Benefits causing Defendant Boeing's failure to pay the promised wages in the form of STD Benefits and thereby breaching its employment agreement with plaintiff.

41. As a result of Alight's conduct, plaintiff was damaged in the amount of unpaid wages in the form of STD Benefits.

**WHEREFORE**, Plaintiff, Andrea Clark, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Alight, including:

A. Payment of lost wages in the form of Short Term Disability Benefits;

B. Awarding prejudgment interest in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding reasonable attorneys' fees and costs incurred in filing this action; and,

Ordering such additional relief as this Court deems just and proper.

## COUNT III
### WRONGFUL DENIAL OF BENEFITS UNDER ERISA 29 U.S.C. 1132(a)(1)B) AGAINST BOEING AND HARTFORD

42. The foregoing paragraphs are hereby realleged and are incorporated herein by reference.

43. On August 7, 2024, Ms. Clark faxed her application for LTD benefits to Hartford.

44. Shortly after faxing her application for LTD benefits, Ms. Clark contacted Hartford to inquire about the status of her LTD claim.

45. Hartford alleged it did not receive a fax from the Ms. Clark, and that they had no record that she filed an LTD claim.

46. Hartford directed Ms. Clark to apply for LTD benefits through Boeing's "WorkLife" online system.

47. Ms. Clark then re-applied for LTD benefits through Boeing's WorkLife online system.

48. On February 4, 2025, Ms. Clark contacted Boeing WorkLife by phone, to re-initiate her claim for LTD benefits. During that call, she was told she could not apply for LTD benefits until her STD claim was processed.

49. On March 26, 2025, Ms. Clark, through counsel, sent a certified letter to the Plan Administrator for the Boeing Employee Benefit Plans Committee and to Hartford.

50. The March 26, 2025 letter constituted Ms. Clark's formal written notice of appeal of the verbal denial of Ms. Clark's LTD claim.

51. Hartford received Ms. Clark's appeal for LTD benefits via certified mail on April 9, 2025.

52. The March 26, 2025 letter to Boeing's Plan Administrator for the Boeing Employee Benefit Plans Committee is still in transit.

53. More than 150 days have passed since Hartford received Ms. Clark's notice of appeal. Neither Boeing nor Hartford responded to Ms. Clark's appeal. Accordingly, Ms. Clark's claim is deemed denied, rendering her claim ripe for litigation under ERISA.

54. Hartford and Boeing have wrongfully denied acknowledgement of Ms. Clark's claim for LTD benefits in violation of the terms of the LTD Plan and ERISA.

55. As a result of Hartford and Boeing's failure to issue a decision regarding Ms. Clark's LTD claim, her claim has been deemed denied, rendering her claim ripe for litigation under ERISA. 29 C.F.R. §2560.503-1(l)(2)(i).

56. Ms. Clark is informed and believes and thereon alleges that Defendants wrongfully denied her LTD benefits by other acts or omissions of which Ms. Clark is presently unaware, but which may be discovered in this future litigation and which Ms. Clark will immediately make Defendants aware of once said acts or omissions are discovered by Ms. Clark.

57. As a proximate result of the aforementioned wrongful conduct of Reed Group and Hartford, Ms. Clark has damages for loss of LTD benefits in a total sum to be shown at the time of trial.

58. The wrongful conduct of Boeing and Reed Group has created uncertainty where none should exist, therefore, Ms. Clark is entitled to enforce her rights under the terms of the LTD Plan.

59. By terminating Ms. Clark's claim despite a plethora of evidence supporting her eligibility for benefits under the LTD Plan, Defendants denied Ms. Clark's LTD claim in bad faith.

**WHEREFORE**, Andrea Clark, requests that this Honorable Court enter Judgment:

A. Finding that Ms. Clark is entitled to long-term disability benefits under the Boeing LTD Plan and pay for past due and future monthly benefits as they become due.

B. Award Ms. Clark interest on the amount of past due benefits, which remains unpaid.

C. Award the Ms. Clark her attorney's fees, costs, and prejudgment interest on past benefits accrued through the date of judgment.

D. Awarding all other relief as may be just and appropriate.

<u>**COUNT IV**</u>
**BREACH OF FIDUCIARY DUTY UNDER ERISA 29 U.S.C. 1132(a)(1)B)**
**AGAINST BOEING AND HARTFORD**

60. Ms. Clark incorporates by reference all preceding paragraphs as though fully set forth herein.

61. Ms. Clark is informed and believes that Defendants mishandled the claims process by process Plaintiff's LTD application.

62. By failing to properly administer the Plan's LTD claim process, Defendants breached the fiduciary duties they owed to Ms. Clark.

63. Defendant Hartford has been unjustly enriched by retention of all premiums and retention of the disability insurance benefits properly owed to Ms. Clark.

64. Defendant Hartford has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Ms. Clark.

65. The denial of Ms. Clark's claim for disability insurance benefits was improper, in that Ms. Clark at all relevant times, qualified for LTD benefits under the Boeing Plan.

66. At all times relevant, Ms. Clark performed all obligations on her part to be performed pursuant to the terms of the Boeing Plan.

67. As a result of Defendants' conduct and failures, Ms. Clark has been denied the full value of the disability insurance proceeds, the actual amount of which will be proven at trial.

68. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a).

69. As a further direct and proximate result of Defendants' conduct, Ms. Clark, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Ms. Clark is entitled to have such fees and costs paid by Defendant(s).

## REQUEST FOR RELIEF

**WHEREFORE**, Ms. Clark prays for relief against Defendants Boeing and Hartford as follows:

70. Payment of all past due LTD benefits, or such other amount as is shown at time of trial, or if that is unavailable, then equitable relief by way of a finding of waiver, estoppel or surcharge;

71. Separate and apart from the benefits under the Plan, Ms. Clark seeks disgorgement of any profits Defendant Hartford may have realized by the wrongful retention of her LTD benefits;

72. Enforcement of Ms. Clark's rights under the terms of the Boeing Plan;

73. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

74. For payment of prejudgment and post-judgment interest as allowed for under ERISA;

75. For such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Ms. Clark hereby demands a trial by jury on Counts 1 and 2

Respectfully Submitted,

/s/*Matthew R. Davis*
Matthew R Davis
IL Bar No.6291499
Davis Olszeski Law
2704 Locust, Ste. 202
St. Louis, MO 63103
314-876-7760
314-876-7877 (fax)
matt@dodisabilitylaw.com

Adam Olszeski
Il Bar No. 6315620
Davis Olszeski Law
2704 Locust, Ste. 202
St. Louis, MO 63103
314-876-7760
314-876-7877 (fax)
adam@dodisabilitylaw.com

/s/Talia Ravis
Talia Ravis
MO Bar #58366
Law Office of Talia Ravis, P.A.
9229 Ward Parkway, Suite 370
Kansas City, Missouri 64114
816-333-8955
800-694-3016 (fax)
talia@erisakc.com

*Pro hac vice pending*

*Attorneys for Plaintiff Andrea Clark*